Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>MARISOL GONZÁLEZ RAMOS<br><br>Peticionaria | KLCE202401324 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Vega Baja<br><br>Caso Núm.: BY2022CV00441<br><br>Sobre: Ejecución de Hipoteca *IN REM* |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de enero de 2025.

El 9 de diciembre de 2024, compareció ante este Tribunal de Apelaciones, la señora Marisol González Ramos (en adelante, parte peticionaria o señora González Ramos), mediante recurso de *certiorari*. Por medio de este, nos solicita que revisemos la *Orden* emitida el 13 de septiembre de 2024, y notificada el 16 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja. En virtud del aludido dictamen, el foro *a quo*, declaró No Ha Lugar la *Moción Urgente Solicitando la Nulidad del Proceso de Subasta* presentada por la parte peticionaria.

Por los fundamentos que adelante se exponen, se deniega la expedición del *certiorari*.

### I

La controversia de epígrafe tuvo su génesis en una *Demanda* sobre ejecución de hipoteca presentada por el Banco Popular de Puerto Rico (en adelante, BPPR o parte recurrida), en contra de la señora González Ramos. De entrada, nos compete destacar que, esta

Número Identificador

RES2025 _____

es la segunda ocasión que la parte peticionaria recurre ante esta Curia dentro del mismo pleito judicial. Adoptamos por referencia el trámite procesal del caso plasmado en la *Sentencia* emitida por este Panel el 25 de enero de 2024, en el caso con designación alfanumérica KLAN202301100. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

En la *Sentencia* emitida el 25 de enero de 2024, desestimamos el recurso presentado en esa ocasión por falta de jurisdicción, al haber sido notificado de forma tardía.

El 9 de febrero de 2024, la parte peticionaria presentó una moción de *Reconsideración* ante este foro apelativo, la cual fue declarada No Ha Lugar mediante *Resolución* emitida el 27 de febrero de 2024.

En desacuerdo, el 1 de abril de 2024, la parte peticionaria acudió ante nuestro Tribunal Supremo mediante escrito intitulado *Apelación Certiorari.* Dicho recurso fue declarado No Ha Lugar mediante *Resolución* emitida el 3 de mayo de 2024. El 14 de mayo de 2024, la señora González Ramos presentó *Reconsideración,* la cual fue declarada No Ha Lugar mediante *Resolución* del 7 de junio de 2024.

A pesar de lo resuelto tanto por el Tribunal de Primera Instancia, como por el Tribunal de Apelaciones y el Tribunal Supremo, el 5 de julio de 2024, la parte peticionaria presentó ante el foro primario, la *Moci[ó]n Urgente Solicitando la Nulidad del Proceso de Subasta.* En esencia, volvió a argumentar que, no había sido notificada de la subasta por la parte recurrida mediante correo certificado con acuse de recibo a la dirección postal correcta. En igual fecha, la señora González Ramos presentó la *Moci[ó]n Urgente Solicitando Paralizaci[ó]n de los Procedimientos Post Sentencia en el Tribunal de Primera Instancia.*

Posteriormente, la parte recurrida presentó la *Moci[ó]n en Cumplimiento de Orden*. Sostuvo que, el proceso de subasta junto con el requisito de notificación ya había sido resuelto por el foro de primera instancia mediante *Resolución* emitida el 7 de noviembre de 2023, donde se resolvió que, la subasta fue notificada por correo certificado con acuse de recibo a todas las direcciones de la parte peticionaria, incluyendo a su dirección postal. Añadió que, también el foro *a quo* había emitido la *Orden de Confirmación de Adjudicación de Subasta o Venta Judicial,* el 28 de noviembre de 2023, en la cual confirmó y reiteró que, el proceso de subasta fue llevado a cabo conforme a derecho. En consonancia con lo anterior, argumentó que procedía aplicar la *ley del caso* y declarar No Ha Lugar la solicitud presentada por la parte peticionaria.

Así las cosas, la señora González Ramos presentó la *Moci[ó]n en Torno a Moci[ó]n en Cumplimiento de Orden de la Demandante*. Reiteró sus argumentos respecto a que no había sido notificada adecuadamente sobre el proceso de subasta. A tales efectos, solicitó al foro primario que decretara la nulidad del proceso de subasta y de la venta judicial de la propiedad. En respuesta, el BPPR presentó la *R[é]plica a Moci[ó]n de la Parte Demandada*. Mediante la anterior, sostuvo que, la notificación del proceso había llegado a su destino y no había sido reclamada. Además, recalcó que, tal asunto ya había sido resuelto por el Tribunal de Primera Instancia y era final, firme e inapelable. Es por lo que, solicitó al foro primario que declarara No Ha Lugar la solicitud de la parte peticionaria.

Luego de sendas mociones presentadas por las partes, el Tribunal de Primera Instancia emitió la *Orden* cuya revisión nos atiene, y determinó lo siguiente:

> Examinada la Moci[ó]n Urgente Solicitando la Nulidad del Proceso de Subasta presentada por la parte demandada; la oposici[ó]n presentada por la parte demandante y los escritos posteriores presentados por las partes, este Tribunal declara No Ha Lugar a la

solicitud de nulidad de subasta presentada por la parte demandada. Se ordena la continuaci[ó]n de los procedimientos.

En desacuerdo, la señora González Ramos presentó la *Solicitud de Reconsideraci[ó]n.* Por su parte, el BPPR presentó la *Moci[ó]n en Cumplimiento de Orden.* Mientras que, la parte peticionaria replicó mediante la *Moci[ó]n en Torno a "Moci[ó]n en Cumplimiento de…".*

Finalmente, el 12 de noviembre de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la *Solicitud de Reconsideraci[ó]n* presentada por la parte peticionaria.

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante *Petici[ó]n de Certiorari* y esbozó el siguiente señalamiento de error:

> Erró el Tribunal *a quo* al declarar No Ha Lugar nuestra moción urgente solicitando la nulidad del proceso de subasta por por [sic] no haberse notificado a la demandada por correo certificado dicha subasta a la dirección postal correcta de la demandada y al no señalar el Tribunal *a quo* la vista evidenciar[i]a dispuesta por la doctrina en <u>Rivera</u> v. <u>Jaume</u>, 157 D.P.R. 562, a las págs. 580-582 y 586.

El 27 de diciembre de 2024, la parte recurrida presentó la *Solicitud de Desestimaci[ó]n.* Mediante esta, nos solicitó que desestimáramos el recurso presentado por la parte peticionaria debido a que, esta pretendía relitigar un asunto que ya había sido adjudicado y que era final, firme e inapelable.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211

DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no

---

[1] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Doctrina de la Ley del Caso**

En nuestra jurisdicción, los derechos y obligaciones adjudicados mediante un dictamen judicial que adviene final y firme constituyen ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020); *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606 (2000); *Sánchez Rodríguez v. López Jiménez*, 118 DPR 701, 704 (1987). Esos derechos y obligaciones "gozan de finalidad y firmeza" para que las partes en un pleito puedan proceder "sobre unas

directrices confiables y certeras". *Mgmt. Adm. Servs. Corp. v. ELA*, supra, págs. 607-608. Por lo tanto, de ordinario las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. *Íd*; *Berkan et al. v. Mead Johnson Nutrition*, supra, págs. 200-201; 18 *Moore´s Federal Practice 3rd* Sec. 134.20, págs. 134-152 (1999); *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 8-9 (2016).

El Tribunal Supremo de Estados Unidos ha expresado que la doctrina de la ley del caso "dirige la discreción del tribunal, no limita su poder". *Arizona v. California*, 460 US 605, 618 (1983). ("This doctrine directs a court's discretion; it does not limit the tribunal's power"). *Íd.*, pág. 9.

En específico, las determinaciones judiciales que constituyen la ley del caso *incluyen todas aquellas cuestiones finales consideradas y decididas por el Tribunal. Félix v. Las Haciendas*, supra, pág. 843. Estas determinaciones, como regla general, obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración. *Íd.*; *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 201. Así, nuestro Tribunal Supremo ha expresado que la doctrina solo puede invocarse cuando exista una *decisión final* de la controversia en sus méritos. (Cita omitida). *Félix v. Las Haciendas*, supra, pág. 843.

Ahora bien, esta doctrina no es un mandato inflexible, sino que recoge la costumbre deseable de que las controversias adjudicadas por un tribunal sean respetadas. *Mgmt. Adm. Servs. Corp. v. E.L.A.*, supra, pág. 607. En situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, ese foro puede aplicar una norma de derecho distinta. *Félix v. Las Haciendas*, supra, pág. 844; *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 201; *Mgmt Adm. Servs. Corp. v.*

*E.L.A.,* supra, pág. 608. En *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 755 (1992), nuestra última instancia judicial sostuvo, haciendo referencia a lo resuelto en *Torres Cruz v. Municipio de San Juan,* 103 DPR 217, 222 (1975), que un segundo juez de un foro primario podría cambiar la determinación de un primer juez en el mismo caso si esta produce resultados claramente injustos. (Citas omitidas). *Cacho Pérez v. Hatton Gotay,* págs. 9-10.

Al fin y al cabo, la "doctrina de la 'ley del caso' es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin". *Srio. del Trabajo v. Tribunal Superior,* 95 DPR 136, 141 (1967). En vista de la anterior pauta jurídica, el Alto Foro ha colegido que solo cuando se presenta un atentado contra los principios básicos de la justicia, es que los tribunales pueden descartar la aplicabilidad de la doctrina de la "ley del caso". (Citas omitidas). *Cacho Pérez v. Hatton Gotay,* supra, pág. 10; *Berkan et al. v. Mead Johnson Nutrition,* supra, pág. 201.

Esbozada la norma jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla al recurso ante nos.

**III**

Es nuestro criterio que, el error señalado por la parte peticionaria constituye un intento de relitigar un asunto que ya fue adjudicado con finalidad tanto por el Tribunal de Primera Instancia, como por este Tribunal de Apelaciones y por nuestro Tribunal Supremo.

En primer lugar, la primera instancia judicial mediante *Resolución* emitida el 7 de noviembre de 2023, determinó que, la señora González Ramos había sido emplazada conforme a derecho, es decir, que fue notificada sobre el proceso en su contra y que tuvo amplia oportunidad de comparecer y ser oída previo a dictarse sentencia. Posteriormente, la parte peticionaria acudió ante este foro revisor mediante recurso de apelación, que fue desestimado

mediante *Sentencia*, por falta de jurisdicción por haber sido notificado de forma tardía. De igual manera, la parte peticionaria presentó un recurso de *certiorari* ante el Tribunal Supremo, el cual fue declarado No Ha Lugar.

A pesar de lo anterior, la señora González Ramos nuevamente presentó una moción ante el foro *a quo* donde solicitó la nulidad de la subasta bajo el fundamento de que no había sido notificada sobre el procedimiento de esta conforme a derecho. Es decir, volvió a presentar la misma controversia que ya había sido resuelta de forma final, firme e inapelable. Ante esto, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de la parte peticionaria.

Por motivo de que el caso cuenta con un dictamen final e inapelable, la parte peticionaria se encuentra imposibilitada de pretender que vuelva a adjudicarse un asunto que ya ha sido resuelto con finalidad.

Nuestro ordenamiento jurídico dispone que, los derechos y obligaciones adjudicados mediante un dictamen judicial que advino *final y firme* constituyen la ley del caso.[2] Es por lo que, las controversias que han sido adjudicadas por el foro de primera instancia o por un tribunal apelativo no pueden reexaminarse.[3]

**IV**

En vista de lo anterior, y conforme lo resuelto por nuestro Tribunal Supremo, este Tribunal de Apelaciones y el Tribunal de Primera Instancia, nos corresponde aplicar la doctrina de la ley del caso. Consecuentemente, se deniega la expedición del *certiorari* por no cumplir con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

---

[2] *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 200; *Félix v. Las Haciendas*, supra, pág. 843; *Mgmt. Adm. Servs. Corp. v. ELA*, supra, pág. 606; *Sánchez Rodríguez v. López Jiménez*, supra, pág. 704.
[3] *Cacho Pérez v. Hatton Gotay*, supra, págs. 8-9; *Berkan et al. v. Mead Johnson Nutrition*, supra, págs. 200-201.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones